```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10                      UNITED STATES DISTRICT COURT
11                     CENTRAL DISTRICT OF CALIFORNIA
12
13  GARY EDWIN SHAW,            )  Case No. CV 07-07213 DDP (E)
                                )
14              Petitioner,     )  ORDER TO SHOW CAUSE
                                )
15       v.                     )
                                )
16  K. PROSPER, Warden          )
                                )
17              Respondent.     )
                                )
18  _____ )
19
20
21
```

22      The Court cannot determine from the record whether there is
23 good cause for the failure to exhaust all claims in state court as
24 required by Rhines v. Weber, 544 U.S. 269 (2005). The general rule
25 is that "federal district courts may not adjudicate mixed petitions
26 for habeas corpus." Id. at 273 (citing Rose v. Lundy, 455 U.S.
27 509). A "mixed" petition is a petition "containing both exhausted
28 and unexhausted claims." Id. "[A] district court has discretion

to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims." Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005); accord Rhines v. Weber, 544 U.S. 269 (2005). "[F]ederal courts may consider sua sponte whether the defendant has exhausted state remedies." Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir. 1992).

Courts may impose such stays when: (1) "good cause" exists for the petitioner's failure to exhaust; (2) the petitioner's unexhausted claims are not "plainly meritless"; and (3) there is no indication the petitioner engaged in abusive litigation tactics or intentional delay. See Rhines, 544 U.S. at 277-78. When a petitioner satisfies all three elements, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition." Id. at 278.

Petitioner has unexhausted claims in his federal habeas corpus Petition. As amended, Petitioner claims: (1) ineffective assistance of counsel, (2) insufficiency of the evidence, (3) error in denial of the Pitchess motion[1], and (4) improper denial of a request for continuance. (See Petition p. 5, and Supplement p. 3, 5). Claims 3 and 4 were the subject of the direct appeal to the California Court of Appeals and then the California Supreme Court.

---

[1] Pursuant to Pitchess v. Superior Court, 522 P.2d 305 (Cal. 1974), "a criminal defendant has a limited right to discovery of peace officers personnel records." Chambers v. Appellate Div of Superior Court, 170 P.3d 617, 619 (Cal. 2007). "A Pitchess motion must describe the type of records or information sought and include affidavits showing good cause for the discovery." Id. (citation and internal quotation omitted). Petitioner claims that the police officers used racial epithets and other acts of racism, warranting discovery of police personnel records pertaining to complaints on those grounds. The trial court denied the motion in part, allowing police officer records for false reports and other forms of fabrication, but denying discovery of racial complaints.

2

(Petition at 3).  As such, "petitioner has sought direct review ... in the highest state court," and has therefore exhausted claims 3 and 4.[2]  Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999).  However, neither the operative facts nor the legal theories of ineffective assistance of counsel or insufficiency of the evidence were ever presented to state court for review.  As such, the Court finds that Petitioner has not exhausted claims 1 and 2.

Supreme Court precedent suggests "good cause" should be interpreted broadly in the stay and abeyance context.  As an example, this Court has determined that "a petitioner's 'reasonable confusion' about whether counsel exhausted claims in state court is 'good cause' to warrant a stay and abeyance."  Serna v. Chrones, --- F. Supp. 2d ----, CV 07-02603, 2008 U.S. Dist. LEXIS 47614, at *13 (C.D. Cal. June 12, 2008).

Accordingly, the Court orders the parties to brief why this action should be stayed rather than dismissed while Petitioner returns to state court to exhaust his claims.  The Court orders Petitioner to file a brief, not to exceed ten pages, by November 15, 2008, and Respondent file a response, not to exceed ten pages, by December 1, 2008, to show cause why this action should not be dismissed for failure to exhaust all state claims.  The parties should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles.  If a party does not file

---

[2] It appears as though the claims for error in denying the Pitchess motion and improper denial of a request for continuance may not present any federal issues.  If this proves true, these claims would not be cognizable theories on federal habeas corpus review.

3

a brief, the court will regard that party as not opposing dismissal of this matter.

IT IS SO ORDERED.

Dated: August 27, 2008

DEAN D. PREGERSON
United States District Judge

4